936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene R. DUNLAP, Defendant-Appellant.
 No. 90-3285.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1991.*
Decided June 26, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Eugene Dunlap was charged and convicted of two counts of wire fraud in violation of 18 U.S.C. Sec. 1343. His sole argument on appeal is that there was insufficient evidence on which the jury could convict.
 
 
 2
 In late 1988, Dunlap attempted to establish a limousine rental business in Valparaiso, Indiana. To this end, he faxed copies of fraudulent income tax forms and other financial documents to American Sports Ltd. Dunlap had expressed interest in purchasing two limousines on credit, and the documents falsely claimed that his net worth exceeded one million dollars. American sent the documents to Beverly Bank, which provided the financing for the deal, and Beverly relied on Dunlap's phony documents to approve the loan. The deal was finalized and Dunlap took possession of the vehicles.
 
 
 3
 Several weeks later, Dunlap faxed American a letter suggesting that his limousine rental business was so successful that he was interested in buying two more limousines from American. Evidence at trial, however, suggested that Dunlap's business was poor to nonexistent and that the second fax was Dunlap's attempt to keep American in the dark regarding the actual status of the business. Eventually American and Beverly Bank grew suspicious and repossessed the limousines. Dunlap's misrepresentations caused Beverly Bank to lose $38,000 and American to lose $9500.
 
 
 4
 We approach a sufficiency of the evidence challenge by viewing the evidence and all reasonable inferences in the light most favorable to the government. United States v. Ocampo, 890 F.2d 1363, 1370 (7th Cir.1989). We will reverse the conviction only if no rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Id. These criteria place a heavy burden on defendants who seek to challenge the evidentiary sufficiency of their convictions. United States v. Khorrami, 895 F.2d 1186, 1190 (7th Cir.1990).
 
 
 5
 There are two essential elements to wire fraud: (1) a scheme to defraud; and (2) use of wire communications in furtherance of the scheme. Lombardo v. United States, 865 F.2d 155, 157 (7th Cir.1989). Dunlap argues that the government failed to offer evidence sufficient to prove the existence of a scheme to defraud. To support this claim, he argues that no one from Beverly Bank specifically testified that the Bank relied on the fraudulent documents before it made the loans to Dunlap. Dunlap is right, but this does not undermine his conviction. It is clear from the trial transcript that American solicited the documents from Dunlap to support the sale and financing of the vehicles Dunlap offered to purchase. The documents were passed on to Beverly and were kept in Beverly's loan file. It was not unreasonable for the jury to infer from the foregoing evidence that Beverly relied on the fraudulent documents Dunlap prepared and signed to make its loan decision. In fact, it would have been exceedingly improbable for a bank to finance a multi-vehicle loan without relying on any documentation of the borrower's financial health.
 
 
 6
 Dunlap also argues that the government failed to show that he was the person who actually faxed American the fraudulent financial statements. This argument again ignores the fact that the jury may rely on reasonable inferences. See Ocampo, 890 F.2d at 1370. Clearly, the government was not required to produce an eyewitness who saw Dunlap physically operating the fax machine at the particular time and day the documents were transmitted. The documents were sent in response to American's request and they bore Dunlap's signature. While Dunlap argues that others had motive to send the faxed documents--and apparently forge his name to them--he fails to address the argument that there was sufficient evidence for the jury to believe that he was the culprit.
 
 
 7
 Dunlap's claims on appeal are meritless and the decision of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record